**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN ANTHONY GRUFF,** | : | **CIVIL ACTION NO. 1:26-CV-3079** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT J. RIVELLO,**[1] | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2254 in which petitioner challenges a 2024 criminal conviction and sentence in the York County Court of Common Pleas. The petition will be dismissed for failure to exhaust state court remedies.

## I. Factual Background & Procedural History

Petitioner, John Anthony Gruff, was criminally charged in 2015, but was not apprehended until 2024 because he absconded for several years. Commonwealth v. Groff, No. 1252 MDA 2025, 2026 WL 2413070, at *1 (Pa. Super. Ct. Aug. 18, 2026).

[1] The court notes that the petition names as respondents the superintendent of the prison in which petitioner is incarcerated and the Attorney General of Pennsylvania. The only proper respondent in a habeas corpus action is the warden or superintendent of the facility where the petitioner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The court will accordingly dismiss the Attorney General as an improper respondent to this petition.

The undersigned additionally notes that prior to her appointment to this court, she was employed by the Attorney General's office. Because the Attorney General is not a proper respondent to this case and no attorneys from the Attorney General's office have entered an appearance in the case, the court finds that the naming of the Attorney General as a respondent in the initial petition does not require the undersigned to recuse herself from the case pursuant to 28 U.S.C. § 455.

After being extradited to Pennsylvania from South Carolina he was charged and convicted of unlawful possession of a firearm in the York County Court of Common Pleas and sentenced to 3–6 years of incarceration. Id. He did not file a direct appeal of his conviction and sentence.

In March 2025, Gruff filed a collateral challenge to his petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"). Id. The Court of Common Pleas dismissed the PCRA petition on June 27, 2025. Id. Gruff filed an appeal to the Pennsylvania Superior Court. Id. The Superior Court deemed his appellate arguments waived and dismissed the petition on August 18, 2026. Id. The docket for Gruff's appeal indicates that he filed a motion for reargument on September 25, 2026. See Commonwealth v. Gruff, No. 1252 MDA 2025 (Pa. Super. Ct. Sept. 25, 2026). That motion remains pending.

Gruff filed this case on September 30, 2026, and the court received and docketed the petition on October 15, 2026. (Doc. 1). Gruff seeks habeas corpus relief because the Court of Common Pleas purportedly lacked jurisdiction due to a legally defective extradition from South Carolina. (Id.)

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III. Discussion

This case will be dismissed for failure to exhaust state court remedies. Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 842. In Pennsylvania, a petitioner is only required to present his claim to the Pennsylvania Superior Court to exhaust state court remedies and is not required to appeal to the Pennsylvania Supreme Court. Lambert v. Blackwell, 387 F.3d 210, 233–34 (3d Cir. 2004).

Unexhausted claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits. Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012). State procedural rules are independent if they are "not interwoven with federal law or dependent upon a federal constitutional ruling" and adequate if they were "'firmly established and regularly followed' at the time of the alleged procedural default." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 n.18 (3d Cir. 2017) (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991)).

Courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence. Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018). Courts that are uncertain whether claims are procedurally defaulted should dismiss the claims without prejudice for failure to exhaust rather than reaching the issue of procedural default. Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000).

Here, it is clear from the state court record that Gruff has not exhausted state court remedies. The Pennsylvania Superior Court has deemed all of Gruff's appellate issues waived in the lone appeal he has filed and therefore has not considered the claims on their merits. See Gruff, 2026 WL 2413070, at *2. It is not clear, however, whether the claims are procedurally defaulted in state court: Gruff has filed a motion for reargument before the Superior Court, which remains pending. See Commonwealth v. Gruff, No. 1252 MDA 2025. Gruff also may be able to appeal the Superior Court's ruling to the Pennsylvania Supreme Court. Thus, because it appears that Gruff may have additional means to get his claims considered on their merits in state court, the court will dismiss this case without prejudice for failure to exhaust state court remedies rather than reaching the issue of procedural default.

## IV. Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust state court remedies. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: October 19, 2026